UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:21CV-231-GNS

**LYNELL WILLIS**                                                                                                                         **PLAINTIFF**

v.

**KENTUCKY HEADQUARTERS OF
LOUISVILLE, KENTUCKY**                                                   **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff Lynell Willis, Jr., filed the instant *pro se* action. He also filed an application to proceed without prepayment of fees (DN 4). Upon review of the application, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, **IT IS ORDERED** that the application (DN 4) is **GRANTED**.

A review of the complaint reveals that this Court lacks jurisdiction over the subject matter of the action, and the Court will dismiss the case.

**I.**

Plaintiff filed the complaint on a complaint form for filing a civil case. In the caption, Plaintiff names Defendant as "Kentucky Headquarters of Louisville, Kentucky." In the parties section of the complaint form, Plaintiff names Defendant as "Kentucky Headquarters Lottery of Louisville, Kentucky." Based on the allegations, the Court construes the complaint as brought against the Kentucky Lottery. Where the form asks the filer to state the basis for this Court's jurisdiction, Plaintiff indicates diversity jurisdiction. Where the complaint form asks for the basis for federal-question jurisdiction, Plaintiff states, "False Advertising."

In the statement-of-claim section of the form, Plaintiff states as follows:

> On April 8th, 2021 at 9 am in the morning I arrived at the Louisville, Ky. Lottery Headquarters hoping to receive $510.00 to $625.00 a split from $2500.00 of a

winning ticket between 3 other players.  I was told and given a $10.00 check.  The Cash Pop game states, []you can win $2,500.00 every four minutes matching the cash pop # . . . .  The $10 dollar or whatever prize dollar amount shown under the cash pop number is a wager that you can pay to have a better chance at winning on the next or same number (drawing number).

In the relief section, Plaintiff states as follows:

I would like the courts to examine the rules of the cash pop game, take in the idea and conclude that the ticket is false advertising that playing 1, 2, 5 & 10 dollars does not give you 15 full drawing numbers to match with the cash pop number . . . winnings of this ticket are 1 in 15, . . . the wager of the dollar amount under the cash pop number and conclude that the wager numbers gives you a better chance at winning.

## II.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972).  The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well

established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

In the present case, Plaintiff has not met his burden of establishing federal-question jurisdiction under 28 U.S.C. § 1331. Plaintiff cites no federal statutes or United States Constitutional provisions in support of his claims, and the Court cannot discern any from the facts alleged. Therefore, the complaint fails to establish federal-question jurisdiction.

Additionally, Plaintiff fails to establish diversity jurisdiction as there is not complete diversity of citizenship since he and Defendant are both citizens of Kentucky. *See* 28 U.S.C. § 1332.

Accordingly, Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, and the Court will dismiss this action by separate Order.

Date:  May 24, 2021

Greg N. Stivers, Chief Judge<br>
United States District Court

cc:  Plaintiff, *pro se*
     Defendant
4416.010

3